PARKER, Chief Judge.
David Lee Johnson, Jr., appeals the order of the trial court designating him a sexual predator. We reverse because the record provided to this court does not support the trial court’s order.
The State charged Johnson with one count of sexual battery, “while being under the age eighteen years.” Johnson pleaded nolo contendere to a lesser-included crime of attempted sexual battery. The trial court adjudicated Johnson guilty and sentenced him to a youthful offender sentence. The final judgment states that Johnson pleaded nolo contendere to at *52 tempted sexual battery and listed the degree as a first-degree felony pursuant to section 777.04, Florida Statutes (1993). Subsequently, the State filed a notice of hearing to declare Johnson a sexual predator. After the hearing, the trial court entered a written order finding that Johnson was a sexual predator.
Johnson argues that he does not meet the criteria for sexual predator designation because he pleaded to a second-degree felony, which could not be used to qualify him as a sexual predator. The initial information filed against Johnson charged him with sexual battery as a defendant under the age of eighteen.
The State argues that the record demonstrates confusion regarding the year in which Johnson committed the crime and that it is probable that through discovery the State determined that the offense occurred in 1996 instead of 1995, because the year 1996 appears in the demand for alibi and on the scoresheet. In June 1996, Johnson was eighteen years old; therefore, the State argues that it is probable that Johnson pleaded to the charges with the understanding that he was pleading to first-degree attempted sexual battery. However, the State acknowledges that the record does not contain an amended information charging Johnson with a capital felony, nor does it contain a plea agreement.
Based upon this record, we must assume that Johnson pleaded nolo contendere to the lesser-included crime of attempted sexual battery by a defendant under the age of eighteen, and that the final judgment contains a scrivener’s error. As such, the crime that Johnson pleaded to is a second-degree felony, see § 777.04(4)(c), Fla. Stat. (1993), and therefore, could not be used to designate him as a sexual predator.
On the record provided to this court, we reverse the trial court’s order designating Johnson as a sexual predator. Furthermore, we remand for the trial court to correct the final judgment to reflect the terms of the plea agreement.
Reversed and remanded.
FULMER and SALCINES, JJ., Concur.